IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02871–MSK–KMT

THE MEADOWS AT BUENA VISTA, INC., a Colorado corporation, and
LONESOME PINE HOLDINGS, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

TOWN OF BUENA VISTA,
CARA RUSSELL, and
ARKANSAS VALLEY PUBLISHING COMPANY,

    Defendants.

## ORDER

This matter is before the court on the "Unopposed Motion by Defendant Arkansas Valley Publishing Company for a Protective Order in the Form of Stay of All Discovery Directed to this Defendant Pending Resolution of this Defendant's Motion to Dismiss" (Doc. No. 30, filed January 31, 2011) and "Defendant Cara Russell's Unopposed Motion to Stay Discovery" (Doc. No. 32, filed February 2, 2011).

Defendant Town of Buena Vista removed this action to this court on November 23, 2011. (Doc. No. 1.) On November 30, 2010, Defendant Arkansas Valley Publishing Company ("AVPC") filed a "Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)." (Doc. No. 10.) On December 3, 2010, Defendant Russell filed a "Motion to Dismiss" pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 14.) The motions to dismiss are presently pending before

District Judge Marcia S. Krieger.  The parties now move for a stay of discovery pending resolution of the motions to dismiss.

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).  In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.  As a result, stays of all discovery are generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2.2007) (citation omitted).

However, a stay may be appropriate in certain circumstances.  Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright et al., Federal Practice and Procedure § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until

2

the critical issue is resolved."). The court weighs several factors when evaluating the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (describing five-part test). The court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the court's convenience; (4) the interest of nonparties; and (5) the public interest in general. *Id.*

First, the court balances Plaintiff's desire to proceed expeditiously with his case against the burden on the defendants of going forward. *Id.* Here, Plaintiffs do not oppose the stay of discovery sought by Defendants Russell or AVPC. Defendant Russell's Motion to Dismiss is based, in part, on jurisdiction and immunity grounds. (Doc. No. 14.) Courts have routinely recognized that discovery may be inappropriate while the issue of immunity or other jurisdictional questions are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir.1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2–5 (D.D.C. 2001) (same).

In its Motion to Dismiss, Defendant AVPC argues that Plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Doc. No. 10.) Though a

motion to dismiss based on the merits of an action rarely justifies a stay, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).  Plaintiffs seek to recover against Defendant AVPC for publication of an opinion column.  Defendant AVPC argues that their Motion to Dismiss will dispose of the one claim asserted against it (Doc. No. 30 at 2) because, in part, the claim is subject to a one-year statute of limitations and a defamatory statement is constitutionally privileged under Colorado law.  (Doc. No. 8–10.)  Indeed, a stay involving defamation-type claims may be appropriate where a statutory privilege exists.  *See General Steel Domestic Sales v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 5101341, at *4–5 (D. Colo. Nov. 26, 2008).  The first two factors weigh in favor of a stay as to Defendants Russell and AVPC.

The court also considers its own convenience, the interest of nonparties, and the public interest in general.  The court finds that these factors weigh in favor of granting a stay as to the moving parties.  The court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a dispositive motion involving jurisdiction and immunity is pending.  *See Democratic Rep. of Congo v. FG Hemisphere Assocs.*, LLC, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial

resources.' " (citations omitted)).  Further, the court identifies no particular interest of persons not parties to the litigation or the public in general.  Therefore, the court finds that a stay of discovery as to Defendants Russell and AVPC is warranted.

Therefore, it is

**ORDERED** that the "Unopposed Motion by Defendant Arkansas Valley Publishing Company for a Protective Order in the Form of Stay of All Discovery Directed to this Defendant Pending Resolution of this Defendant's Motion to Dismiss" (Doc. No. 30) and "Defendant Cara Russell's Unopposed Motion to Stay Discovery" (Doc. No. 32) are **GRANTED**.  Discovery is **STAYED** as to Defendants Arkansas Valley Publishing Company and Russell pending ruling on their Motions to Dismiss.  Plaintiffs and Defendants AVPC and Russell shall file a joint status report within ten days of the district court's ruling on the motions to dismiss if any portion of the action remains pending against Defendants AVPC and Russell.  Discovery is not stayed in any fashion as between Plaintiff and Defendant Town of Buena Vista, who has not sought a stay of discovery.

Dated this 3rd day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge