IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02871–MSK–KMT

THE MEADOWS AT BUENA VISTA, INC., a Colorado corporation, and
LONESOME PINE HOLDINGS, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

TOWN OF BUENA VISTA,
CARA RUSSELL, and
ARKANSAS VALLEY PUBLISHING COMPANY,

    Defendants.

## ORDER

This matter is before the court on the "Unopposed Motion to Stay All Proceedings by Defendant, the Town of Buena Vista" (Doc. No. 36, filed February 4, 2011).

Defendant Town of Buena Vista removed this action to this court on November 23, 2011. (Doc. No. 1.) On November 30, 2010, Defendant Arkansas Valley Publishing Company ("AVPC") filed a "Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)." (Doc. No. 10.) On December 3, 2010, Defendant Russell filed a "Motion to Dismiss" pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 14.) The motions to dismiss are presently pending before District Judge Marcia S. Krieger. Defendant Town of Buena Vista filed its "Answer to Plaintiffs' Amended Complaint and Jury Demand and Counterclaim" on December 23, 2010. (Doc. No. 20.)

On February 3, 2011, this court granted Defendants Russell's and Arkansas Valley Publishing Company's ("AVPC") motions to stay discovery pending resolution of their motions to dismiss. (Doc. No. 34.) Defendant Town of Buena Vista now seeks a stay of all proceedings pending ruling on the motions to dismiss filed by Defendants Russell and AVPC.

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2.2007) (citation omitted).

However, a stay may be appropriate in certain circumstances. Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., Federal Practice and Procedure § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also*

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). The court weighs several factors when evaluating the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (describing five-part test). The court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the court's convenience; (4) the interest of nonparties; and (5) the public interest in general. *Id.* Considering these factors leads the court to conclude that a stay of discovery in this case is not warranted.

First, the court balances Plaintiff's desire to proceed expeditiously with his case against the burden on the defendants of going forward. *Id.* Here, Plaintiffs do not oppose the stay of discovery sought by Defendant Town of Buena Vista. On the other hand, Defendant Town of Buena Vista does not articulate any undue burden in proceeding with the case. Instead, Defendant Town of Buena argues that, depending on the Court's rulings on the motions to dismiss, the number of parties and claims could be reduced, which may result in altering the course of the case. (Doc. No. 36, ¶ 12.) Defendant Town of Buena Vista also argues that there may be significant overlap in disclosures and discovery. (*Id.*, ¶ 13.) Finally, Defendant Town of Buena Vista argues that it is engaged in ongoing settlement discussions. (*Id.*, ¶ 14.) In fact, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez*, 2007 WL 683973, at *2. The defendant cannot argue that resolution of the other defendants' motions to

dismiss will dispose of the entire action. *See Nankivil v.. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). The court finds that, even if the motions to dismiss are granted, the claims against Defendant Town of Buena Vista will remain unchanged. Here, since Defendant Town of Buena Vista appears to be postured differently than the other defendants, and there is no evidence of a special burden on Defendant Town of Buena Vista, these factors weigh against a stay.

Defendant argues that staying the case in its entirety will advance judicial economy. On this factor, the court finds that a stay is not an efficient use of judicial resources. As stated above, the court does not believe that a favorable ruling for the other defendants on the pending motions to dismiss will resolve this case in such a manner that would support a stay of discovery as to Defendant Town of Buena Vista until that time. This is particularly applicable in cases like this one, pending before Judge Krieger, who instructs the parties that motions having the effect of delaying proceedings may be denied where they may "adversely affect[ ] the scheduling of the case or other cases." Judge Krieger's Practice Stds., II.G.

On the fourth and fifth factors, the defendant has not provided any arguments either in favor or against a stay. Balancing all factors presented, the court finds that a stay of discovery is not appropriate.

Therefore, it is

**ORDERED** that the "Unopposed Motion to Stay All Proceedings by Defendant, the Town of Buena Vista" (Doc. No. 36) is **DENIED**. The Scheduling Conference set for February 9, 2011, will proceed as scheduled as to Plaintiffs and Defendant Town of Buena Vista.

Dated this 8th day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge