IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–02871–MSK–KMT

THE MEADOWS AT BUENA VISTA, INC., a Colorado corporation, and
LONESOME PINE HOLDINGS, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

TOWN OF BUENA VISTA,
CARA RUSSELL, and
ARKANSAS VALLEY PUBLISHING COMPANY,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Plaintiffs' Renewed Motion to Amend Amended Complaint" (Doc. No. 38 [Mot.], filed February 7, 2011). Defendant Russell filed her response on February 18, 2011, and Plaintiffs filed their reply on March 4, 2011. (Doc. Nos. 49 [Russell's Resp.] and 54 [Reply to Russell's Resp.].) Defendant Arkansas Valley Publishing Company (AVPC) filed its response on February 21, 2001, and Plaintiffs filed their reply on March 4, 2011. (Doc. Nos. 50 [AVPC's Resp. and 55 [Reply to AVPC's Resp.].) This motion is ripe for ruling and recommendation.

Plaintiffs seek to amend their Amended Complaint (Doc. No. 1 at 35–54) to "present facts in a more coherent form and deal[] with issues not previously considered." (Mot., ¶ 4.) Plaintiffs wish (1) to drop the Third Claim from their Amended Complaint; (2) to expand the

Eighth Claim for declaratory judgment against the Town that the Pre-Annexation Agreement is no longer enforceable to include a claim for set off and an injunction claim against the Town in case a disagreement arises with respect to the Town's action in going on the plaintiffs' land without permission to accomplish its dry-up objectives; (3) to split the Ninth Claim into two claims, one for tortious interference with Pre-Annexation Agreement and one for tortious interference with Plaintiffs' prospective opportunities; (4) to add factual revisions to the Tenth and Eleventh Claims against Defendant Russell; (5) to expand the Twelfth Claim for aiding and abetting and conspiracy into two claims; (6) to split the aiding and abetting and conspiracy claims into a claim without actual malice and a claim with actual malice; and (7) to add a declaratory judgment claim for violation of the plaintiffs' civil rights without a claim for damages. (Mot., ¶¶ 6(a)–(f).)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for

>   the denial is not an exercise of discretion; it is merely abuse of that discretion and
>   inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendants do not argue that Plaintiffs' motion is unduly delayed.  The Scheduling Order in this case was entered on February 9, 2011, and established a deadline for amending the pleadings of March 24, 2011.  (Doc. No. 46, ¶ 9(a).)  Accordingly, Plaintiffs' motion to amend is timely.  Defendants also do not argue, and there has been no showing of, bad faith, dilatory motive, or undue prejudice.

Rather, Defendants Russell and AVPC oppose the motion to amend on the ground of futility.[1]  (Russell's Resp. at 3–6; AVPC's Resp.)  "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).  To withstand a motion to dismiss, a complaint, when taken as true and in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] Defendant Town of Buena Vista does not oppose the motion to amend.  (*See* Doc. No. 51.)

### *Claims Against Defendant Russell*

Defendant Russell argues that the four claims against her are barred by the applicable two-year statute of limitations. (Russell's Resp. at 4.) Defendant Russell makes this same argument in her Motion to Dismiss pending before District Judge Krieger. (*See* Doc. No. 14.) Defendant Russell asserts that Plaintiffs' claims accrued, at the latest, on October 30, 2008, when the article authored by Defendant Russell was published in the *Chaffee County Times*. (*Id.* at 3.) In their response to the motion to dismiss, Plaintiffs counter that their claims did not accrue until November 4, 2008, which is when the plaintiffs discovered the damage. (Doc. No. 19 at 8.)

This court finds that at this stage of the proceedings it is not clear that Plaintiffs' amendments would be futile. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Here, the court's sole function is to determine whether Plaintiffs have provided a plausible basis for liability, accepting their version of the facts and potential evidence as true. Defendant Russell's argument is more efficiently raised in the context of a dispositive motion, rather than indirectly under Rule 15(a). The District Court for the District of Colorado has noted that "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *General Steel Domestic Sales, LLC v. Steelwise, LLC*, 2008 WL 2520423, at * 4 (D. Colo. 2008) (recognizing that a futility argument under Rule 15(a) effectively places "the cart before the horse"). *Cf. In re K-Dur Antitrust Litigation*, 338 F. Supp. 2d 517, 528 (D.N.J.2004) (noting efficiencies of disposing of a motion to amend along with a

Rule 12 motion); *Leach v. Northern Telecom, Inc.*, 790 F. Supp. 572, 573-74 (E.D.N.C. 1992) (reasoning that a pragmatic approach to plaintiff's motion to amend assured the best use of judicial time and resources); *Pearl Brewing Co. v. Joseph Schlitz Brewing Co.*, 415 F. Supp. 1122, 1125 (S.D. Tex. 1976) (factual disputes typically cannot be decided on the pleadings and are improperly inquired into in the context of a motion to amend, particularly in view of the liberal rules regarding amendment of complaints) (cited with approval in *La Compania Ocho, Inc. v. United States Forest Service*, 874 F. Supp. 1242, 1244–45 (D.N.M. 1995)).

Defendant Russell also argues that Plaintiffs' state law tort claims are barred by the Colorado Governmental Immunity Act (CGIA) because the claims do not fall within any of the enumerated areas for which sovereign immunity is waived and because Plaintiffs' amendments to add "blind insertion of the words 'willful and wanton' throughout the proposed [Second] Amended Complaint fails to comply with the CGIA." (Russell's Resp., ¶ 9.)

Immunity under the CGIA is a matter of subject matter jurisdiction. *Dobson v. City and Cnty. of Denver*, 81 F. Supp. 2d 1081, 1987 (D. Colo. 1999) (citing *Swieckowski v. City of Fort Collins*, 934 P.2d 1380 (Colo. 1997)). Under the CGIA, Colo. Rev. Stat. §§ 24-10-101 to 120, public employees are immune from tort liability, except for injuries resulting from specifically enumerated categories of governmental activity or from acts which are willful and wanton. The CGIA contemplates that a public employee may remain within the course and scope of his employment and yet be found willful and wanton.[2] Thus, an employee may be acting within the

---

[2] Colo. Rev. Stat. § 24-10-105 provides that "no public employee shall be liable for injuries arising out of an act . . . occurring during the performance of his duties and within the

5

scope of his or her employment and may still be found to have acted in a willful and wanton manner. In *City of Lakewood v. Brace*, 919 P.2d 231 (Colo. 1996), the Colorado Supreme Court held the determination of whether conduct is willful or wanton "is not susceptible to resolution at an early stage in the litigation process before significant discovery has been undertaken unless there are no disputed issues of fact," and therefore "[a] well pled complaint that an employee acted willfully and wantonly must await determination at trial on the merits." *Brace*, 919 P.2d at 246.

Here, Plaintiffs' Second Amended Complaint[3] asserts that, "[i]f Mayor's act in making the Publication was in the performance of her duties and within the scope of her employment, the Mayor, by her act, willfully and wantonly" committed the torts for which the plaintiffs seek relief. (*See* Doc. No. 57-1, ¶¶ 99, 102[4]; Doc. No. 38-1, ¶ 117.) Thus, at this stage, the court finds that it is not clear that Plaintiffs' proposed amendments to their state tort claims would be futile. *See Foman*, 371 U.S. at 182. Moreover, to determine whether Defendant Russell is entitled to immunity under the CGIA, the Court will have to determine whether she was acting

---

scope of his employment, unless such act . . . was willful and wanton, except as provided in this article." This exception for willful and wanton acts is repeated in § 24-10-118 which specifically covers public employees.

[3]Plaintiffs have previously amended their original complaint. (*See* Doc. Nos. 1 at 12–30, 35–54.) Thus, Plaintiffs' proposed amendment hereafter will be referred to as the proposed Second Amended Complaint.

[4]Plaintiffs substituted page 30 of their proposed amended complaint, containing revisions to their Eighth and Ninth Claims. (Doc. No. 57.)

within the scope of her employment and whether her actions were willful and wanton. These determinations are not properly before this court at this time.

Finally, Defendant Russell argues that Plaintiffs have failed to allege sufficient factual matter to state a civil rights claim (Tenth Claim) and that Defendant Russell is entitled to qualified immunity on this claim because Plaintiffs fail to show that Defendant Russell violated Plaintiffs' clearly established constitutional rights. (Russell's Resp., ¶ 10.) Plaintiffs' civil rights claim alleges that Defendant Russell deprived Plaintiffs of rights, privileges, and immunities and procedural due process rights afforded under the United States Constitution and Colorado Constitution. (Doc. No. 38-1, ¶¶ 108–116.) To make out a claim for a violation of procedural due process, a plaintiff must successfully allege two elements: "that he possessed a constitutionally protected liberty or property interest such that . . . due process protections were applicable, and that he was not afforded an appropriate level of process." *Couture v. Bd. of Educ. of Albuquerque Pub. Schs.*, 535 F.3d 1243, 1256 (10th Cir. 2008) (quotations omitted). Plaintiffs essentially allege that they had a protected liberty right of having a quasi-judicial hearing on their application for development rights and that Defendant Russell, who published her article outside of the quasi-judicial procedure, made an "*ex parte* closing argument" that violated Plaintiffs' right to the quasi-judicial hearing. Whether Plaintiffs' alleged right to a quasi-judicial hearing is a protected liberty right is not before the court at this junction. The court finds that Plaintiffs have alleged sufficient facts to " 'state a claim to relief that is plausible on its face' " at this stage. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570 .)

Accordingly, Plaintiffs' motion to amend their complaint with regard to Defendant Russell should be granted.

### *Claims Against Defendant AVPC*

Defendant AVPC previously moved for dismissal of Plaintiffs' claims against it, arguing that (1) the only harm alleged to have been suffered by plaintiffs at the hands of AVPC was publication of an opinion column concerning a matter of public or general concern, (2) the plaintiffs' attempt to plead around the well-established constitutional elements of a defamation claim by alleging claims under the rubric of "aiding and abetting," "conspiracy," and "civil rights," are legally insufficient, and (3) the plaintiffs cannot recover against AVPC unless the plaintiffs demonstrate that AVPC's publication contained a materially false statement of fact and that the materially false statement of fact was published with "actual malice." (*See* Doc. Nos. 10 and 21.) Defendant AVPC argues that the Second Amended Complaint, even with new allegations, fails to state a claim upon which relief can be granted, such that the amendment would be futile. (AVPC's Resp. at 4.)

    *i.*        *Conspiracy to Violate Civil Rights Claims (Twelfth and Thirteenth Claims)*

Plaintiffs have alleged a conspiracy to violate their Constitutional rights. Though Plaintiffs allege the newspaper defendant "acted under color of state law within the meaning of 42 U.S.C. § 1983" (Doc. No. 38-1, ¶ 128), to allege a valid claim under section 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by the United States Constitution or federal law, committed by a person acting under color of state law. *West v. Atkins*, 487 U.S.

42, 48 (1988); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Thus, Plaintiffs' claim for conspiracy to violate civil rights by a private actor is not cognizable under section 1983.

Unlike section1983, private persons may be held liable under section 1985, provided, however, that the factual allegations demonstrate all of the essential elements of the claim. After reviewing Plaintiffs' proposed Second Amended Complaint, Plaintiffs' have not set forth any factual allegations which even remotely support a claim under section 1985, subsection (1) (preventing officer from performing duties) or subsection 2 (obstructing justice, intimidating party, witness, or juror). Plaintiffs may be attempting to assert a claim under 1985, subsection 3, which creates a cause of action against persons who conspire to deprive a person or class of persons equal protection or privileges. *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994). To state a claim under section 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) the conspirators committed some act in furtherance of the conspiracy; and (4) the plaintiff was either injured in his person or property or was deprived of having and exercising any right or privilege of a citizen of the United States. *See Griffin v. Breckenridge*, 403 U.S. 88, 103–04 (1971).

The Tenth Circuit has held that, in order to support a claim under the statute, a plaintiff must be a member of a statutorily protected class, and actions taken by defendants must stem from the plaintiffs' membership in that class. *See Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 746–47 (10th Cir.1980). Moreover, there must be some racial or other class-based, invidiously discriminatory animus behind the conspirator's actions. *See Bray v. Alexandria Women's Health*

*Clinic*, 506 U.S. 263, 267–68 (1993); *Carpenters v. Scott*, 463 U.S. 825, 838; *Graham v. City of Oklahoma City, Okla.*, 859 F.2d 142 (10th Cir. 1988); *Brown v. Reardon*, 770 F.2d 896 (10th Cir. 1985). Plaintiffs have failed to plead facts sufficient to establish any racial or other class-based animus behind the alleged conspirator's acts or any acts in furtherance of the conspiracy. Thus, Plaintiffs' Twelfth Claim for relief would be subject to dismissal, and, as such, their motion to amend to add this claim should be denied.

### ii.  *Aiding and Abetting Claims (Fourteenth and Fifteenth Claims)*

Colorado broadly recognizes claims of aiding and abetting tortious acts. *Holmes v. Young*, 885 P.2d 305, 308 (Colo. App. 1994.) A claim for aiding or abetting a tortious act may be maintained if: 1) the party whom the defendant aids or assists performs a wrongful act that causes an injury; 2) the defendant is generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and 3) the defendant knowingly and substantially assists the principal violation. *Holmes*, 885 P.2d at 308.

In their Fourteenth Claim, Plaintiffs recite the elements of a claim for aiding and abetting. (*See* Doc. No. 38-1, ¶¶ 138–141.) In their Fifteenth Claim, Plaintiffs incorporate the allegations made in their Fourteenth claim. (*Id.*, ¶ 142.) However, the proposed Second Amended Complaint is devoid of any factual allegations that Defendant AVPC was aware of any allegedly tortious activity at the hands of Defendant Russell. In fact, in a thorough review of the proposed Second Amended Complaint, the only factual allegations against Defendant AVPC that possibly could be related to Plaintiffs' aiding and abetting claims are that Defendant Russell "wrote columns in the *Times*, under the title 'Mayor's Focus', setting forth the status of various pending

issues of the Town for public benefit . . . [and the columns] were then delivered to the *Times* which printed them at no cost to the Town" (*id.*, ¶ 55) and that Defendant Russell placed the column at issue in the *Times* on October 30, 2008 (*id.*, ¶ 56).

The Supreme Court has held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). Here, Plaintiffs' conclusory allegations without factual support fail to state a claim. Thus, because Plaintiffs' aiding and abetting claims would be subject to dismissal, the motion to amend the complaint to add them should be denied.

### iii. *Claim for Declaratory Judgment*

Finally, Plaintiffs seek a declaratory judgment related to Defendant AVPC alleged aiding and abetting Defendant Russell's wrongful conduct or to AVPC's conspiring with Defendant Russell. As this court as determined *supra* that Plaintiffs' conspiracy and aiding and abetting claims would be subject to dismissal, Plaintiffs' request for declaratory judgment related to these claims also fails.

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Plaintiffs' Renewed Motion to Amend Amended Complaint" (Doc. No. 38) be GRANTED in part and DENIED in part as follows:

1. Plaintiffs' motion to amend the claims against Defendant Russell should be GRANTED; and

2. Plaintiffs' motion to amend the claims against AVPC should be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 18th day of March, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge