IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02871–MSK–KMT


THE MEADOWS AT BUENA VISTA, INC., a Colorado corporation, and
LONESOME PINE HOLDINGS, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

TOWN OF BUENA VISTA, and
CARA RUSSELL,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on "Plaintiffs' Motion to Amend Complaint" (Doc. No. 95 [Mot.], filed July 14, 2011).  Defendant Russell filed her response on August 26, 2011, and Plaintiffs filed their reply on September 12, 2011.  (Doc. Nos. 111 [Resp.] and 112 [Reply].)  Defendant Arkansas Valley Publishing Company (AVPC) filed its response on August 24, 2011, and Plaintiffs filed their reply on March 4, 2011.  (Doc. Nos. 113.)  This motion is ripe for recommendation.

      Plaintiffs seek to amend their First Amended Complaint (Doc. No. 97) "as a final effort to state claims against the defendants Russell and the *Times*."  (Mot. at 4.)  Despite two orders (Doc. Nos. 68, 84) denying Plaintiffs' previous motion to amend the complaint to add two claims for Conspiracy to Violate Plaintiffs' Civil Rights against the *Times* (Doc. No. at 33–39), two

claims for Aiding and Abetting Mayor Russell's Violation of the Plaintiffs' Civil Rights against the *Times* (*id*. at 39–40), and a claim for Declaratory Judgment against the *Times* (*id*. at 40–41), Plaintiffs again request that they be allowed to assert these claims against AVPC/the *Times*. (*See* Doc. No. 95-1 at 51–59).  However, As Defendant AVPC's Motion to Dismiss was granted by Judge Krieger on September 19, 2011, the motion to amend the complaint as it pertains to AVPC should be denied as moot.

As to the motion to amend the claims against Defendant Russell, the court, upon reviewing the proposed amended complaint, notes that none of the claims asserted against Defendant Russell has changed.  (*See id.* at 42–46.)  Rather, Plaintiffs argue the proposed amended complaint "offer[s] additional facts which, together with prior allegations coupled with reasonable inferences, establish an agreement between Russell and the *Times* sufficient facts [sic] to form a conspiracy . . . and sufficient to show that the *Times* knew as early as April 11, 2006 that Russell was engaging in wrongful or illegal conduct to the extent required by Plaintiffs' aiding and abetting claims."  (Mot. at 7.)

Plaintiffs have added approximately sixteen pages of additional facts to their proposed amended complaint.  (*Compare* Doc. No. 97 *with* Doc. No. 95-1.)  However, the factual additions are provided only to bolster Plaintiffs' proposed amendments against the now-dismissed defendant, AVPC, which this court has already determined are moot in light of Judge Krieger's order dismissing it as a defendant.  Moreover, Plaintiffs seek to infuse their proposed amended complaint with what they characterize as "inferred" conversations between various parties, including Defendant Russell, beginning in April 2006 and ending in November 2008.

(*See* Doc. No. 95-1, ¶¶ 27, 34, 52, 53, 59, 61, 63, 64, 70, 72.)  However, Defendant Russell

argues that not a single one of these conversations is corroborated by a recording or document or

person present when any of the alleged conversations took place who could affirm that the

conversation actually took place.  (Resp., ¶ 4.)  Rather, Plaintiffs' counsel confirmed that there

are no recordings that he and the plaintiffs know of, and that "[t]he inferences are just that -

reasonable inferences based on the known facts."  (*Id.*, Ex. A.)  In other words, the Plaintiffs are

simply making up imaginary conversations in support of their claims.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend

the pleadings) when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232

F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley*

*Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the

circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason-such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.-the
> leave sought should, as the rules require, be "freely given."  Of course, the grant
> or denial of an opportunity to amend is within the discretion of the District Court,
> but outright refusal to grant the leave without any justifying reason appearing for
> the denial is not an exercise of discretion; it is merely abuse of that discretion and
> inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d

444, 446 (10th Cir. 1983).

Defendant Russell argues that the proposed amendments should be denied because they have been brought in bad faith and that they would substantially prejudice her.  (Resp., ¶¶ 17–18.)  The court agrees.  Plaintiffs, by their own admission, have no corroborating evidence that the ten "inferred" conversations upon which the plaintiffs base their proposed amendments took place.  Thus, these inferences cannot be characterized as known facts.  It appears Plaintiffs created the inferred conversations in an attempt to bolster their attempt to get a third bite at the apple and add the claims against AVPC previously denied by Judge Krieger.

Furthermore, Defendant Russell would be prejudiced by allowing the proposed amendments, as the "inferences" in the proposed amended complaint would usurp the jury's ability to make its own reasonable inferences based on proven facts and/or admissible evidence.  Additionally, this court agrees with Defendant's argument that, if the proposed amendments are allowed, nothing would prevent Plaintiffs from seeking further amendments to add more "inferred" conversations, thus forcing Defendant to defend herself from ever-evolving and fluid allegations that could change at some future point during the pendency of the case.  (Resp., ¶ 18 [citing *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)].)  Finally, as noted above, the plaintiffs do not seek to amend any of the actual claims against Defendant Russell.  Thus, this court finds it would be prejudicial to allow the "factual amendments" related to the now-dismissed defendant AVPC and to force Defendant Russell to defend herself against allegations related to the dismissed defendant.  Denying the proposed amendment does nothing to change the claims and allegations asserted against Defendant Russell herself in the current operative complaint.

WHEREFORE, for the foregoing reasons, this court respectfully

RECOMMENDS that "Plaintiffs' Motion to Amend Complaint" (Doc. No. 95) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    Dated this 30th day of September, 2011.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

6